**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC., et al, | § | |
|    Plaintiffs, | § | |
| | § | Case No. 2:16-cv-00992-JRG |
| v. | § | LEAD CASE |
| | § | |
| MOTOROLA MOBILITY LLC, | § | |
| HTC AMERICA, INC., | § | Case No. 2:16-cv-00989-JRG |
| KYOCERA INTERNATIONAL, INC., | § | Case No. 2:16-cv-00990-JRG |
| ZTE (USA), INC. and ZTE (TX), INC., | § | Case No. 2:16-cv-00993-JRG |
| HUAWEI DEVICE USA, INC. and HUAWEI DEVICE CO., LTD., | § § | Case No. 2:16-cv-00994-JRG |
| TENCENT AMERICA LLC and TENCENT HOLDINGS | § § | Case No. 2:16-cv-00694-JRG |
| SNAP INC. | § | Case No. 2:16-cv-00696-JRG |
|    Defendants. | | |

**MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER**

The Parties respectfully request that the Court enter a Protective Order.  The Parties have reached agreement on most terms of the Protective Order.  However, the Parties were unable to reach agreement regarding certain issues identified below.  The Parties have met and conferred in good faith and are unable to resolve the issue.  The Parties' Disputed Protective Order is attached hereto with the disputed provisions bracketed.  Each party's respective proposal is provided below.

**I.      Plaintiffs' Arguments in Support of Its Position**

**A.      Section 2(i) – Definitions "Source Code"**

Uniloc's proposal for a definition of source code is fair.  This same definition was agreed to recently by software companies such as Google, Amazon, and Netflix in *Uniloc USA, Inc. et. al. v. Amazon.com, Inc. et al.*, No. 2:16-cv-570, Dkt. No. 66-1. (E.D. Tex. Nov. 28, 2016)(page

1

7).  Defendants proposed definition is circular and ambiguous, using the term "source code" as part of the definition of "source code."  Additionally, Uniloc objects to Defendants' definition of "source code" because it includes descriptions of source code and could be broadly interpreted to encompass all or any portion of a code reviewer's notes.  "Source code" is given a higher degree of protection than non-source code technical information (no matter how valuable that information) to minimize the (already minimal) risk of a third party's copying the executable program.  A reviewer's notes carries no such risk; subjecting those notes to "source code" restrictions is pointless and burdensome.  Given the heightened level of protection provided source code, there is no reason to protect *descriptions* of what source code should do.

### B.   Section 6(b) – Patent Prosecution Bar

*Mutual Application*: Uniloc has requested that the prosecution bar be mutual.   If Defendants do not believe it will ever apply to them, there should be no problem with the language.

*Length of Bar*: The parties have near identical proposals to the length of the bar (e.g. one year after conclusion) with the exception that Uniloc also proposes that the bar alternatively end two years after counsel last reviewed such material, if earlier.   This alternative accounts for circumstances where an appeal lasts for multiple years and counsel is no longer involved in a case.  Defendants' proposal would continue to bar such individuals.

*Broaden v. Amend*: The parties dispute whether counsel can "amend" claims in an IPR (which includes both narrowing and broadening amendments) or simply "broaden" claims in an inter-partes review.  Defendants must provide "good cause" for the requirement that counsel be precluded from "amending" claims. *In re Deutsche Bank Trust Co.,* 605 F.3d 1373, 1378 (Fed. Cir. 2010).  Uniloc carefully crafted its language to recite "broadening" as the prohibited activity due to longstanding precedent in this Court that counsel *should* be allowed to participate in reexaminations because reexams cannot broaden claims. *Document Generation Corp. v.*

*Allscripts*, LLC, et al. 2009 U.S. Dist. LEXIS 52874 at 17 (E.D. TX. 2009).[1] The same reasoning applies here.

### C.     Section 11(g), (h), (j), and (l) – DISCLOSURE AND REVIEW OF SOURCE CODE

The parties are working from the Court's standard protective order.  For Section 11(g), Defendants have proposed deviating from the Court's standard, which allows a "reasonable number of printouts," and replacing it with limits of 500 aggregate pages and 30 consecutive pages, with a "good cause" requirement to exceed such limits.  The Court's reasonableness standard allows the parties to take into account a number of pages in relation to the length and volume of source code produce.  Defendants' proposal, on the other hand, is an arbitrary number which has no relation to length or volume of source code yet to be produced.  This District has specifically held in circumstances when the length and volume and volume of source code, page limitations are arbitrary. *Blue Calypso, Inc. v. Groupon*, No. 6:12-cv-486, Dkt No. 157 slip op. at 3 (E.D. Tex., Oct. 24, 2013)("Without knowing the length or volume of the Source Code Materials that Yelp will be required to produce, any page limitation that is chosen in vacuum will be arbitrary."); *see, also, Bluebonnet Telecommunications, LLC v. Sony Ericsson Mobile Communications (USA) Inc.*, 2:13-cv-00505, Dkt. Nos.  25, 31, and (rejecting 500 page limit in

---

[1] *See, also*, *Mirror Worlds, LLC v. Apple, Inc.*, Case No. 6-08-cv-00088 (E.D. TX. Aug. 11, 2009) (Defendant's reexam prosecution bar was denied. "Claims can only be narrowed during reexamination; they cannot be broadened."); *Personal Audio, LLC v. Apple, Inc. et al*, Case No. 9-09-cv-00111 (E.D. TX. Apr. 20, 2010)(The court noted that "the majority of courts dealing with this issue have rejected reexamination bars similar to the one proposed by Defendants here."); *Smartflash LLC et al. v. Apple Inc. et al* (noting that the "prosecution bar should not apply to reexamination and similar proceedings since the risk to Defendants does not outweigh the prejudice to [plaintiff]."); *GeoTag Inc. v. Frontier Communications Corp., et. al. 2-10-cv-00265* (E.D. TX Jan. 8, 2013)("Defendants' concern about the use of its highly sensitive information in reexamination is undercut by the fact that claims can only be narrowed, not broadened, during reexamination.").

view of "reasonable number of pages" and sanctioning party for seeking reconsideration of Court's protective order ruling).

For Section 11(h), Defendants have deviated from the Court's standard concerning use of source code at a deposition by requiring seven business days advance notice.  There is no reason to explain what source code might be used so many days before a deposition.

For Section 11(j), Defendants have proposed modifying the Court's standard language to require that source code be required to be transported by paper via hand carry.  Such a requirement would inhibit the ability to load source code onto a standalone computer for use at trial or deposition.  There is no reason to do so.

For Section 11(l), Defendants have proposed modifying the Court's standard language to prohibit electronics (even if off and regardless if used) from being in the same room as source code.  Defendants do not explain how such items present any form of risk.

## II.      Defendants' Arguments in Support of Its Position

### D.       Section 2(i) – Definitions "Source Code"

Source code, and descriptions of source code, are mission critical to Defendants' businesses and are maintained as highly protected information by Defendants.   The model protective order is sufficiently clear that to the extent Protected Material includes "computer source code and/or live data (that is, data as it exists residing in a database or databases)" such material is protected as Source Code Material.  Plaintiffs seek to import an ambiguous definition of source code in Section 2(i):  "a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator to be compiled or assembled into an executable computer program."  In contrast, to the extent any

definition of Source Code is necessary, Defendants propose: "computer code, scripts, assembly code, binaries, object code, source code and descriptions of source code."

### E.      Section 6(b) – Patent Prosecution Bar

Defendants propose that the prosecution bar apply to Plaintiffs' counsel that receives materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE and directed to technical information relevant to the case. Defendants' proposed paragraph 6(b) is **identical** to the prosecution bar provision set forth in the Protective Order Plaintiffs previously agreed to that was entered by the Court in the earlier consolidated action involving Plaintiffs and involving the same patents  (See Protective Order, Section 6(b), Dkt. No. 138, Uniloc et al. v. Samsung et al., C.A. 6:16-CV-00638-JRG LEAD CASE; *see also* Dkt. No. 126-1, Section 6(b), C.A. 6:16-CV-00638-JRG.)

There is no justification for Plaintiffs to make either of the two material changes they now seek.  First, Plaintiffs seek to expand the prosecution bar to apply to Defendants' counsel, even though Plaintiffs  previously agreed in the related case that no such expansion is necessary  Moreover, unlike the Defendants accused of infringement here, Uniloc is a non-practicing entity that does not make or sell any products.  The concerns present for Defendants simply do not exist for Plaintiffs.  Accordingly, there is no need for a prosecution bar to apply to Defendants counsel.

Second, Plaintiffs seek to change the scope of the previously agreed-upon prosecution bar.  In addition to having no justification for changing this scope in the second consolidated case involving the same patents, Plaintiffs' proposed bar fails to adequately safeguard Defendant's HIGHLY SENSITIVE TECHNICAL MATERIALS by allowing recipients of that information to participate in activities to amend claims.  By permitting participation in non-

broadening amendments, Plaintiffs would be allowed to  "use confidential information to restructure or amend its claims so as to improve its litigation position against alleged infringers." *Telebuyer, LLC v. Amazon.com, Inc.*, No. 13-CV-1677, 2014 WL 5804334, at *6 (W.D. Wash. July 7, 2014) (collecting cases).  Furthermore, Plaintiffs' proposal fails to set forth a clear and enforceable guideline by allowing some participation in amending claims, potentially leading to disputes about "broadening" which may be difficult to resolve, especially in the abstract. Accordingly, it is appropriate to prohibit any attempt to amend claims by counsel subject to the bar.  *Id.* ("drafting, amending, restructuring, or otherwise participating in reexamination proceedings may constitute 'competitive decision-making,' as contemplated by the Federal Circuit").

F.      **Section 11(g), (h), (j), and (l) – DISCLOSURE AND REVIEW OF SOURCE CODE**

With respect to printouts and photocopies of protected Source Code provided for in Section 11(g), Defendants have incorporated a maximum number of pages for printout to provide guidance on what would be reasonably necessary before requiring the parties to determine whether good cause exists for additional printouts.  Defendants' proposed limitation is based on an almost identical limitation set forth in the protective order entered by this Court in earlier actions involving Uniloc.  (See Protective Order, Section 10(c)(v), Dkt. No. 75, Uniloc et al. v. Avaya et al., C.A. 6:15-CV-1168-JRG LEAD CASE.)

In footnote 1, Plaintiffs propose that an expert with access to HIGHLY CONFIDENTIAL SOURCE CODE may share that information with others who have neither agreed to be bound by the Protective Order nor been disclosed to the Producing Party.  Source Code is among the most sensitive information to be protected, and as such, all recipients of that information must be

required to personally agree to be bound by the Protective Order and be disclosed to the Producing Party.

In Section 11(h), Defendants propose making the Source Code available for use during depositions so as to avoid Plaintiffs' desire to digitize and transport any printed Source Code. Again, Defendants' Source Code is highly protected information by Defendants.  Allowing Plaintiffs to create electronic versions of printed Source Code for any reason other than to prepare court filings or pleadings or other papers increases the risk to Defendants' businesses since Defendants' have no control over the security in place on Plaintiffs' own computers.

Defendants' proposal for Section 11(j) similarly seeks to restrict Plaintiff's access to just printed copies of Source Code so as to ensure the security of Defendants' highly protected Source Code material.  Allowing Plaintiffs' proposal increases the risk of loss and subsequent harm to the Defendants since removable media are significantly easier to lose, steal, or otherwise misappropriate due to their size and portability.  Moreover, transporting the printed Source Code material on electronic media for depositions is unnecessary when the Producing Party has agreed to provide the stand-alone computer(s) for depositions in 11(h).

Defendants' proposal in Section 11(l) seeks to reduce the risk of Source Code being electronically removed from the stand-alone computer(s) in the review room.  Allowing recordable media or devices into the room increases the risk that the Source Code may be transferred, imaged, or otherwise recorded.  For example, USB memory sticks may be preloaded with malicious code that, when placed into the stand-alone computer, may work to defeat the system's security measures.  Moreover, devices like cellular telephones possess cameras which may be used to photograph and immediately transfer images of Defendants' source code to outside parties.  Defendants' proposed limitation is based on an identical limitation set forth in

7

the protective order entered by this Court in earlier actions involving Uniloc.  (*See* Protective

Order, Section 11(c)(v), Dkt. No. 138, *Uniloc et al. v. Samsung Electronics*, C.A. 2:16-CV-

00642-JRG LEAD CASE.)

Date: February 28, 2017                      Respectfully submitted,

                                             /s/ Kevin Gannon
                                             Paul J. Hayes
                                             Kevin Gannon
                                             Prince Lobel Tye LLP
                                             One International Place - Suite 3700
                                             Boston, MA 02110
                                             Tel: 617-456-8000
                                             Email: phayes@princelobel.com
                                             Email: kgannon@princelobel.com

                                             Craig Tadlock
                                             State Bar No. 00791766
                                             TADLOCK LAW FIRM PLLC
                                             2701 Dallas Parkway, Suite 360
                                             Plano, TX 75093
                                             Tel: (903) 730-6789
                                             Email: craig@tadlocklawfirm.com

                                    ***ATTORNEYS FOR THE PLAINTIFFS***

                          <u>CERTIFICATE OF CONFERENCE</u>

        I hereby certify that I have met and conferred with counsel for Defendants, and all parties
have agreed to the proposed disputed protective order submitted herewith.

                                             /s/ Kevin Gannon
                                             Kevin Gannon

                             <u>CERTIFICATE OF SERVICE</u>

        The undersigned hereby certifies that all counsel of record who are deemed to have
consented to electronic service are being served with a copy of this document via the Court's
CM/ECF system per Local Rule CV-5(a)(3) on February 28, 2017.

                                             /s/Kevin Gannon
                                             Kevin Gannon